JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
DAVIS A. BACKER, Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5243
Fax: (202) 305-0275
E-mail: davis.backer@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, et al.,<br><br>Defendants. | No. 3:18-cv-07211-WHA<br><br>STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Center for Biological diversity ("Center") and Environmental Protection Information Center ("EPIC") ("collectively, "Plaintiffs") and the United States Fish and Wildlife Service ("FWS"), and David Bernhardt, in his official capacity as Secretary of the United States of the Interior (collectively "Defendants") who, by and through their undersigned counsel, state as follows:

WHEREAS, the Center submitted a petition to FWS on July 11, 2012 to list the Shasta salamander (*Hydromantes shastae*) as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq*.;

WHEREAS, on September 18, 2015, FWS issued a 90-day finding on the Center's petition to list the Shasta salamander, pursuant to 16 U.S.C. § 1533(b)(3)(A), concluding that the Center's petition presented substantial scientific or commercial information indicating that listing the Shasta salamander under the ESA may be warranted, 80 Fed. Reg. 56,429;

WHEREAS, on July 26, 2018 the Center sent Defendants a letter stating its intent to file suit to compel FWS to issue a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month finding") as to whether listing the Shasta salamander under the ESA is warranted, not warranted, or warranted but precluded;

WHEREAS, on November 29, 2018, Plaintiffs filed the above-captioned action to compel FWS to issue a 12-month finding as to whether the listing of the Shasta salamander is warranted, not warranted, or warranted but precluded;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiffs' Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. No later than April 30, 2021, FWS shall review the status of the Shasta salamander and submit to the *Federal Register* for publication a 12-month finding as to whether listing the Shasta salamander is warranted pursuant to the ESA, 16 U.S.C. § 1533(b)(3)(B);

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or

requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final determination issued pursuant to Paragraph 1, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month listing decision for any listed species.

6. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

7. Without waiving any defenses or making any admissions, Defendant agrees to pay Plaintiff $6,000 in attorneys' fees and costs. Plaintiff agrees to accept the $6,000 from Defendant in full satisfaction of any and all claims, demands, rights, and causes of action

for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

8. Plaintiff agrees to furnish Defendant with the information necessary to effectuate the $6,000 payment set forth by Paragraph 8. Payment will be made to the Center by electronic funds transfer. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

9. By this agreement, Defendant does not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were dispute by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Stipulation contains all of the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

13. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

14. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  June 26, 2019                                             Respectfully submitted,

*/s/ Jennifer L. Loda*                                             JEAN E. WILLIAMS
JENNIFER L. LODA (CA Bar No. 284889)      Deputy Assistant Attorney General
Center for Biological Diversity                            SETH M. BARSKY
1212 Broadway, Ste. 800                                    Section Chief
Oakland, CA  94612                                           MEREDITH L. FLAX
Phone: 510-844-7100 x336                               Assistant Section Chief
Email: jloda@biologicaldiversity.org

BRIAN SEGEE (CA Bar No. 200795)            */s/ Davis A. Backer*
Center for Biological Diversity                            DAVIS A. BACKER
660 S. Figueroa St., Ste. 1000                           Trial Attorney (CO Bar No. 53502)
Los Angeles, CA 90017                                      United States Department of Justice
Phone: (805) 750-8852                                       Environment & Natural Resources Division
Email: bsegee@biologicaldiversity.org         Wildlife & Marine Resources Division
                                                                              Ben Franklin Station
*Attorneys for Plaintiffs*                                   P.O. Box 7611
                                                                              Washington, D.C. 20044-7611

Tel: (202 514-5243
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

H. HUBERT YANG
Trial Attorney (DC Bar No. 491308)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

Of Counsel:

LUKE MILLER
United States Department of the Interior
Office of the Solicitor
Pacific Southwest Regional Office

*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

The Stipulated Settlement Agreement is approved and all Parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: \_\_\_\_June 27_____, 2019          By: _____
                                           THE HONORABLE WILLIAM ALSUP
                                           UNITED STATES DISTRICT JUDGE



Stip. Settlement Agreement and [Proposed] Order          No. 3:18-cv-07211-WHA

8